UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| MICHAEL-ALBERT:PHILIPPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV426-029 |
| | ) | |
| MARK CROWE, in his official | ) | |
| capacity as Sheriff of Bryan | ) | |
| County, Georgia, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

*Pro se* plaintiff "Michael-Albert:Phillipps"[1] has filed a Complaint

alleging officers of the Bryan County, Georgia Sheriff's Department have

---

[1] Plaintiff's pleadings in this case list his name as "Michael-Albert:Philipps." *See, e.g.,* doc. 1 at 1. Including such atypical punctuation in his name, as well as references to himself as "a natural person," and "sui juris," *id.*, and his addition of a red-ink fingerprint over a blue-ink signature, *id.* at 4, are indicative of so-called "sovereign citizen" claims. *See, e.g., Fleming v. Florida*, 2025 WL 1332824, at *2 (M.D. Fla. Mar. 14, 2025). The substantive claims asserted in his Complaint, which involve the alleged unlawful seizure and retention of a vehicle by officers of the Bryan County Sheriff's department, are not distinctly "sovereign citizen" claims, however. To the extent that Plaintiff is, perhaps, relying on internet-based sources to assist him in this litigation, the Court advises him that sovereign citizen arguments are subject to summary rejection. *See, e.g., United States v. Sterling*, 738 F.3d 228, 233 n. 1 (11th Cir. 2013); *United States v. Benabe.*, 654 F.3d 753, 761-67 (7th Cir. 2011) (recommending that sovereign citizen theories "be rejected summarily, however they are presented"). Moreover, presentation of frivolous arguments to the Court may have negative consequences. *See, e.g.,* Fed. R. Civ. P. 11; *Moon v. Newsome*, 863 F.2d 835, 837-38 (11th Cir. 1989). Although the Court discerns no impropriety in the materials Plaintiff has filed, he should endeavor to assure himself that any legal information or informal assistance he relies upon is from legitimate and trustworthy

unlawfully seized and retained his "off-road utility vehicle." *See generally* doc. 1. He paid the required filing fee. *See id.* at 1 (Clerk's handwritten notation). Because Plaintiff is not proceeding *in forma pauperis*, he must serve Defendant, in compliance with the applicable provisions of the Federal Rules of Civil Procedure.[2] *See* Fed. R. Civ. P. 4. Pursuant to Federal Rule 4(b), Plaintiff may present summonses to the Clerk of Court for signature and seal. Additionally, this Court's Local Rule 4.1 provides that unless a waiver of service is to be utilized, plaintiffs must present a completed summons when filing a complaint. Plaintiff has not presented or otherwise requested any summonses from the Court or indicated that he has asked, or intends to ask, Defendant to waive service. Within fourteen days of this Order, Plaintiff is **DIRECTED** to either present summonses to the Clerk or indicate that he intends to utilize the waiver of service provisions in Federal Rule 4(d). Plaintiff is advised that failure to comply with this Order may result in a recommendation that his case

---

sources. Finally, the Court notes that the Federal Rules require that claims be asserted "in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Thus, to the extent that the Complaint does not include Plaintiff's real name, he may wish to amend it. *Cf.* Fed. R. Civ. P. 17(a)(3).

[2] The Federal Rules of Civil Procedure are available, in electronic format, on the United States Courts' website, at https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

be dismissed. *See, e.g.,* Fed. R. Civ. P. 41(b). Additionally, nothing in this Order extends the deadline for service set forth in Federal Rule of Civil Procedure 4(m).

    **SO ORDERED,** this 10th day of February, 2026.

_____

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA